UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRICOR-FL, LLC, a limited liability
company

      Plaintiff,

v.                                     Case No:   2:13-cv-354-FtM-38CM

ACTION REALTY, LLC,
DEBORAH ISLEY and SPENCER
RAFFEL,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff TRICOR-FL, LLC's Motion for Entry of Court's Default Under Fed. R. Civ. P. 55(b) (Doc. 39), filed on February 12, 2014.  At the outset, the Court notes that, pursuant to Rule 55, Federal Rules of Civil Procedure, a plaintiff must obtain a Clerk's default pursuant to Rule 55(a), Federal Rules of Civil Procedure, before the Court may grant relief under Rule 55(b).  Accordingly, because Plaintiff has neither sought nor obtained a Clerk's default in this case, the Court will construe Plaintiff's motion as a motion for Clerk's default under Rule 55(a).  For the reasons stated herein, the motion is due to be denied.

Rule 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a).  In the instant case, all Defendants have responded to Plaintiff's

Complaint and have therefore not "failed to plead or otherwise defend." *See* docs. 8, 9, 15.  Moreover, the Court notes that Defendants have otherwise participated in litigating this case, such as by filing Certificates of Interested Persons, and the parties have jointly filed a Case Management Report and participated in a preliminary pretrial conference.  *See generally* docket in case no. 2:13-cv-354-FtM-38CM.  The Court has also entered a Case Management and Scheduling Order (Doc. 28), establishing discovery and other deadlines in this case.

As the basis for its motion for default, Plaintiff cites this Court's Order, entered January 10, 2014, granting counsel for Defendants Raffel and Action Realty, LLC's motion to withdraw, and permitting Defendant Raffel twenty-one days in which to retain new counsel and have him file a notice of appearance, or inform the Court of his intent to proceed *pro se*.  Doc. 36 at 3.  Similarly, the Order permitted Defendant Action Realty, LLC twenty-one days in which to retain new counsel and have him file a notice of appearance.  *Id.*  The Court explained that failure to file such notices within twenty one days would lead the Court to "recommend that a default be entered" against any Defendant failing to comply.  *Id.*

The twenty-one day period for Defendants to file their notices expired on February 11, 2014, without either Defendant Raffel or Defendant Action Realty, LLC complying with the Court's Order.  Accordingly, on February 12, 2014, Plaintiff filed the instant motion for default.  However, on February 18, 2014, while the instant motion remained pending, Attorney Jason Schwartz filed a Notice of Appearance on behalf of both Defendant Raffel and Defendant Action Realty, LLC.  Doc. 40.

As explained above, Plaintiff's motion for default was improvidently filed as a motion pursuant to Rule 55(b). Furthermore, because Defendants have appeared and filed responsive pleadings, as well as participated throughout the progression of this case, a default pursuant to Rule 55(a) is not appropriate. At most, the Court could require Defendants to show cause why the case should not be dismissed for failure to prosecute, based upon counsel's failure to timely file his Notice of Appearance. However, given this Court's preference for cases to be adjudicated on their merits, the Court declines to take such action at this time. *See, e.g.*, *Owens v. Benton*, 190 Fed. Appx. 762, 763 (11th Cir. 2006) ("There is a strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court."); *United States v. Varnado*, 447 Fed. Appx. 48, 51 (11th Cir. 2011) ("A default judgment is a drastic sanction that should be used only in extreme situations because it is preferable for cases to be heard on the merits.").

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff TRICOR-FL, LLC's Motion for Entry of Court's Default Under Fed. R. Civ. P. 55(b) (Doc. 39) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of March, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record